064256.0369(232/181)                                                                #25017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE , ) <br> COMPANY, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> CHICAGO TITLE INSURANCE COMPANY ) <br> and WESTERN CAPITAL PARTNERS, LLC ) <br> ) <br>     **Defendants.** ) | No.  09-CV-7063 <br> Judge: Hon. Matthew Kennelly <br> Magistrate: Hon. Jeffrey Cole |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR JUDGMENT ON THE PLEADINGS

Now comes the Plaintiff, Philadelphia Indemnity Insurance Company, by and through its

attorneys, Richard M. Waris, David N. Larson, and Donald Patrick Eckler of Pretzel & Stouffer,

Chartered, and for its Memorandum of Law in Support of its FRCP Rule 12(c) Motion for Judgment

on the Pleadings states as follows:

#### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.  Each of the parties

to this matter is the citizen of a different state and the amount in controversy exceeds $75,000

exclusive of interest and costs.

Venue is proper as the dispute arises out of the parties contacts and activities in Cook County,

Illinois.  In particular, this dispute arises out of a claim for coverage by Western Capital Partners,

LLC for a defense and indemnification for litigation wherein title for a property located in Cook County, Illinois is in dispute.

<h2 style="text-align:center">INTRODUCTION</h2>

This Rule 12(c) motion for judgment on the pleadings asks this Court to resolve a question of law: What is Chicago Title Insurance Company's ("Chicago's") defense obligation to its insured, Western Capital, for the lawsuit captioned *Ridgeland East End LLC, et. al. v. Western Capital Partners, et.al.*, Circuit Court of Cook County, Illinois County Department, Chancery Division, Cause No. 08 CH 06055 consolidated with *Western Capital Partners, LLC v. Jackson Park Pinnacle Plaza, LLC.*, et al., Cause No. 07 CH 23740 (collectively "Ridgeland Litigation")?  Chicago Title **admits a defense obligation** but asserts it's obligation is limited to those counts in the complaint that it deems covered by its policy.  *See* Exhibit 2, Chicago Title Insurance Company's Answer to Cross-Claim to Philadelphia Indemnity Insurance Company's Complaint at ¶14.  Chicago Title's position is contrary to Illinois law.  Alternatively, the alleged limiting provision contains ambiguous undefined terms that should be interpreted in favor of providing a defense to Western Capital for all claims against Western Capital in the Ridgeland Litigation.

By this motion, Philadelphia, Western Capital's insurer under a Professional Liability for Specified Professions insurance policy, Policy No. PHSD260860, and who's coverage is excess and may be implicated by Chicago Title's refusal to honor its defense obligation, seeks a ruling that, as a matter of law, Chicago Title is Western Capital's primary insurer for the Ridgeland Litigation and is obligated to defend the all counts directed against Western Capital contained therein.

<u>**JUDGMENT ON THE PLEADINGS IS PROPER**</u>

Rule 12(c) of the Federal Rules of Civil Procedure provides as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In considering a Motion for Judgment on the pleadings, the court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991) (citation omitted). A Rule 12(c) Motion for Judgment on the Pleadings may be granted if no genuine issues of material fact remain to be resolved and the movant is entitled to judgment as a matter of law. *Alexander v. Chicago*, 994 F.2d 333, 335-36 (7th Cir. 1993).

Here, there are no genuine issues of material fact and Philadelphia is entitled to a finding that, as a matter of law, Chicago Title is obligated to defend Western Capital for all claims in the Ridgeland Litigation.

<u>**ARGUMENT**</u>

**A.    The Duty to Defend in Illinois Cannot be Abrogated**.

In the event that facts in the underlying allegations fall within, or potentially within, the policy's coverage, the insurer is obligated to provide a defense. *General Agents Ins. Co. of America, Inc. v. Midwest Sporting Goods Co.*, 215 Ill.2d 146, 155 (2005).  This duty to defend persists even if the allegations of the underlying complaint are later proven to be groundless, false, or fraudulent; and **even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy**. *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.*, 223 Ill.2d 352, 363 (2006), citing *U.S. Fidelity & Guaranty Co. v. Wilkin Insulation Co.*,  144 Ill.2d 64, 73 (1991); See also *Maryland Cas. Co. v. Peppers*, 64 Ill.2d 187, 194 (1976)("This duty to defend

extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of a policy while the others may not be.")

Chicago Title admits that it was obligated to defend four (4) of the counts of in Ridgeland Litigation. *See* Exhibit 2, at ¶14. However, despite this admission, Chicago Title asserts it is not obligated to defend the entire Ridgeland litigation relying on  Section 4 of the Conditions and Stipulations to it's policy:

4.    DEFENSE AND PROSECUTION OF ACTIONS, DUTY OF INSURED CLAIMANT TO COOPERATE

    a.    Upon written request by the insured and subject to the options contained in Section 6 of these Condition and Stipulations, the Company, at its own cost and with unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy.  The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel.  <u>The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.</u>

\* \* \* \* \*

(Emphasis added).  *See* Exhibit 1, Philadelphia's Complaint for Declaratory Judgment, Exhibit K.

Not surprisingly, Chicago Title is not the first insurer to attempt to limit it's defense obligation by asserting that it's policy only obligated it to defend covered counts.  In *Bedoya v. Illinois Founders Ins. Co.*, 293 Ill. App. 3d 668 (Ill. App. Ct. 1st Dist. 1997), Illinois Founders Insurance Company sought a ruling that it was only obligated to defend the dram shop claims in a complaint filed against its insured.  The underlying litigation contained three counts, a dram shop

count asserting the insured was liable for the actions of patron's who drank at his establishment and assaulted and raped the plaintiff, a count for negligence based on the same allegations and count three which sought damages from a John Doe who was involved in the assault and rape.  The insured tendered the complaint to Illinois Founders for defense.  Illinois Founders responded that it would only defend Count I, the dram shop claim.  *Bedoya*, 293 Ill.App. 3d at 672.

Illinois Founders settled the dram shop claim for $500 and abandoned its insured.  The insured then settled the remaining claims.  The insured then filed a declaratory action asserting that Illinois Founders had breached its defense obligation and that the breach was vexatious and unreasonable, entitling the insured to relief under Section 155.  The trial court found for the insured and awarded Section 155 damages.  Illinois Founders appealed.  *Id*. at 672-673.  .

On appeal, Illinois Founders argued that under the terms of its policy, it was only obligated to defend dram shop claim in Count I.  Illinois Founders relied on the insuring agreement to its policy to support its claim.  That insuring agreement stated that Illinois Founders would "pay on behalf of the insured all sums the insured shall become legally obligated to pay by reason of the liability imposed upon him by * * * the 'Dram Shop Act' and all laws amendatory thereof, for damages."  *Id* at 671.  The appellate court rejected Illinois Founders position:

> Illinois courts have consistently held that "the duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of a policy while the others may not be." *Maryland Casualty Co. v. Peppers, 64 Ill. 2d 187, 194, 355 N.E.2d 24 (1976)*. Notwithstanding the fact that other jurisdictions have found that the  duty to defend may be allocated between the insurer and the insured based upon the claims involved, as Illinois Founders argues, *Peppers* is the settled law in Illinois.

* * * * *

-5-

Illinois Founders further argues that *Peppers* and the cases following it are distinguishable from this case, because none of them involved a liquor liability policy. Merely because different types of insurance coverage were at issue in the cases which relied on *Peppers* does not affect the well settled law in Illinois that an insurer must defend its insured in all counts of a lawsuit when a policy includes a duty to defend and at least one of the counts of the suit falls within policy coverage. Illinois Founders also relies on *Outboard Marine* in support of its position; however, *Outboard Marine* is distinguishable from the present case. In *Outboard Marine,* the issue was whether the insurers had a *duty to indemnify* during a period in which the insured carried no insurance. Here, the issue is whether Illinois Founders had a *duty to defend* during the period of the policy's coverage. Lastly, Illinois Founders' argument that this court's ruling in *Illinois Founders* is distinguishable from the case at bar is without merit. In *Illinois Founders,* the defendants tendered their defense to Illinois Founders under a dram shop and general liability policy for litigation brought pursuant to a shooting incident that occurred in their bar. As we hold here, the *Illinois Founders* court held that, pursuant to *Peppers,* Illinois Founders had a duty to defend the entire suit. The fact that a general liability policy was also issued in addition to the dram shop policy in *Illinois Founders* does not change the well settled rule that an insurer must defend all counts of a multi-count lawsuit even if only one of the counts falls within the coverage of the insurance policy. We find, therefore, that Illinois Founders had a duty to defend all counts of the underlying lawsuit, i.e., counts I, II and IV.

*Id*. at 674-676. After finding that Illinois Founders position was without merit, the Court went on to impose statutory penalties under Section 155 of the Illinois Insurance Code stating that "because it is well settled in Illinois that an insurer must defend its insured in the entire lawsuit even if only one count of the complaint alleges an action under the policy, it is clear that no bona fide dispute about coverage regarding Illinois Founder's duty to defend Alberto and Casanova existed." *Id* at 679-680.

*Bedoya* refutes Chicago Title's position. Chicago Title is trying to limit it's defense obligation  to counts within the Ridgeland Litigation that it deems within the insuring agreement to its policy. The limitation is based on its contention that it policy provides limited coverage in the form of title insurance. This is a similar contention Illinois Founders made when it asserted its duty

to defend was limited because its policy only provided dram shop claims.

The primary difference between this dispute and *Bedoya* works against Chicago Title.  In *Bedoya*, the purported limitation on the insurer's defense obligation was stated in the insuring agreement.  Here, the limitation is buried in ambiguous language (discussed below) in Section 4 of the Conditions and Stipulations section of the Chicago Title policy.  Regardless, Illinois law clearly prohibits and insurer from limiting its defense obligation as Chicago Title is attempting.

The law of Illinois is clear and without exception: once an insurers duty to defend is triggered, a fact conceded by Chicago Title, that duty to defend can not be abrogated and the insurer must defend the entire complaint.  *See Valley Forge*, 223 Ill.2d at 363.  Consequently, Chicago Title must defend all claims against Western Capital in the Ridgeland Litigation.

**B.    Even if Chicago Title Could Abrogate its Defense Obligation, Chicago Title's Purported Limiting Language is Ambiguous and Should be Construed in Favor of Coverage.**

Chicago Title's attempt to limit its defense obligation is ambiguous.  The phrase at issue states: "The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy." Nowhere in the Chicago Title policy is the term "causes of action" defined.  Provisions of an insurance policy "that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer." *National Union Fire Ins. Co. v. Glenview Park Dist.*, 158 Ill. 2d 116, 124, 632 N.E.2d 1039, 1042 (1994).  Consequently, the ambiguous undefined term "causes of action" should not be read to limit Chicago Title's defense obligation.

Black's Legal Dictionary defines "cause of action" as follows:

The facts or facts which give a person a right to judicial redress or relief

-7-

against another.

Black's Law Dictionary, 6th Ed.  A "cause of action" is the facts giving a person the right to relief, not a individual count stated in a lawsuit.  Here, Chicago Title has conceded that it has a defense obligation for the facts giving rise to relief in the Ridgeland Litigation.  Chicago Title is asserting that it does not have an obligation to defend every legal theory upon which relief could be granted i.e. the various counts in the complaint.  Chicago Title's position conflicts with the definition of the phrase.  Construing the limitation in favor or coverage and against Chicago Title, Chicago Title's limited interpretation of the phrase "cause of action" should be rejected.

Alternatively, "causes of action" is ambiguous.  The Illinois Supreme Court recently set forth the test for determining ambiguity:

> If the words used in the insurance policy are reasonably susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy. *Central Illinois Light*, 213 Ill. 2d at 153; *Koloms*, 177 Ill. 2d at 479; *Outboard Marine*, 154 Ill. 2d at 108-09. This is especially true with respect to provisions that limit or exclude coverage. Outboard Marine, 154 Ill. 2d at 119; *Pioneer Life Insurance Co. v. Alliance Life Insurance Co.*, 374 Ill. 576, 586, 30 N.E.2d 66 (1940). A contract is not rendered ambiguous merely because the parties disagree on its meaning. *Central Illinois Light*, 213 Ill. 2d at 153. A court will consider only reasonable interpretations of the policy language and will not strain to find an ambiguity where none exists. *Hobbs*, 214 Ill. 2d at 17; *Eljer Manufacturing*, 197 Ill. 2d at 293; *Schnackenberg*, 88 Ill. 2d at 5. "Although policy terms that limit an insurer's liability will be liberally construed in favor of coverage, this rule of construction only comes into play when the policy is ambiguous."*Hobbs*, 214 Ill. 2d at 17.

*Rich v. Principal Life Ins. Co.*, 226 Ill. 2d 359, 372 (Ill. 2007).  Here, the term of "causes of action"is at best, reasonably susceptible to more than one meaning.  While Philadelphia asserts Chicago Title's proposed definition equating a "cause of action" to a count in a complaint is not reasonable, if this Court finds the definition is reasonable, the alternative definition set forth in

Blacks Legal Dictionary is also reasonable.  Because the term is ambiguous, Illinois law requires that the term "cause of action" be construed against Chicago Title and in favor of coverage.  *Smith v. Equitable Life Assurance Soc'y of the United States*, 67 F.3d 611, 617 (7th Cir. Ill. 1995).

Interpreting the undefined term  "causes of action" in favor of coverage and against Chicago Title, Chicago Title should be found to have a duty to defend any lawsuit alleging facts which give a person a right to judicial redress or relief against Western Capital.  Here, Chicago Title has admitted the Ridgeland Litigation contains such facts.  Consequently, Chicago Title is obligated to defend the entirety of the Ridgeland Litigation.

**C.    By Operation of the "Other Insurance" Clause, the Philadelphia Policy is Excess to the Chicago Title Policy for the Ridgeland Litigation.**

The Philadelphia Policy is excess to the Chicago Title policy for the Ridgeland Litigation. The Philadelphia policy contains the following "other insurance" clause:

**VII.    GENERAL CONDITIONS**

* * * * *

**O.    Other Insurance**:  This insurance is excess over any other valid and collectable insurance available to the insured except as respects such insurance written to apply specifically in excess of this insurance."

*See* Exhibit 1, Exhibit J, Professional Liability for Specified Professions Form at pages 8.  The Chicago Title policy contains no "other insurance" language.  By operation of the "Other Insurance" provision, the Philadelphia policy is excess over any valid and collectible insurance available to Western Capital for the Ridgeland Litigation.  The Chicago Title policy is valid and collectible insurance available to Western Capital for the Ridgeland Litigation and contains no conflicting "other insurance" clause.

Consequently, the Chicago Title policy must be exhausted before Philadelphia has any obligation to defend or indemnify Western Capital in the Ridgeland Litigation. *Home Ins. Co. v. Liberty Mut. Ins. Co.*, 266 Ill.App.3d 1049, 1056 (1st Dist. 1994), quoting *Western Cas. & Sur. Co. v. Western World Ins. Co., Inc.*, 769 F.2d 381, 385 (7th Cir. 1985) ("when one policy is primary and the other is excess, *only the primary insurer need defend claims below the limits of the primary policy*." [Emphasis added]). .

## CONCLUSION

Under Illinois law, Chicago Title is obligated to defend all claims against Western Capital in the Ridgeland Litigation. It's attempt to allocate a defense between covered and uncovered counts fails under Illinois rules of insurance policy interpretation. At best, the policy is ambiguous and should be interpreted in favor of coverage, requiring a finding that Chicago Title is obligated to defend all claims against Western Capital in the Ridgeland Litigation. Finally, by operation of the "other insurance" clause in its policy, the Philadelphia policy is excess to the Chicago Title policy for the Ridgeland Litigation.

WHEREFORE, the Plaintiff, Philadelphia Indemnity Insurance Company, prays that this Court enter judgment finding and declaring the rights of the parties as follows:

A.   That Chicago Title Insurance Company Policy No. 1401 008285429 D1 provides primary coverage to Western Capital for the Ridgeland Litigation.

B.   That Chicago Title is obligated to pay all of Western Capital's defense costs for the Ridgeland Litigation.

C.    That the Court grant Philadelphia Indemnity Insurance Company other and further relief as the Court deems fit and just under the circumstances.

/s/
David Larson, IL Bar No. 6225416
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-1973 - Phone
(312) 346-8242 - Fax
dlarson@pretzel-stouffer.com