# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7063 | **DATE** | 7/12/2011 |
| **CASE TITLE** | Philadelphia Indem. Ins. Co. vs. Chicago Title Ins. Co., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants in part and denies in part defendant Chicago Title Insurance Co.'s motion for judgment on the pleadings [# 111]. The motion is granted as to counts 5 and 6 of the counterclaim of Western Capital Partners LLC but is otherwise denied. The case remains set for a status hearing on 7/13/11 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant Chicago Title Insurance Co. (CTI) has moved for judgment on the pleadings on counts two, four, five, and six of the amended crossclaim of defendant Western Capital Partners, LLC (WCP). CTI and plaintiff Philadelphia Indemnity Insurance Co. (PII) both sold insurance policies to WCP. WCP was sued and asked CTI to defend the lawsuit. CTI agreed to defend certain claims but not others, so WCP asked PII to defend the others. PII contended policy was excess to CTI's and sued CTI, alleging that it is required to defend the entire suit. PII also named WCP as a party.

The Court derives the following facts from WCP's crossclaim. The dispute concerns a loan by WCP to third parties, secured by mortgages on three parcels of property. WCP alleges that it purchased a title insurance policy from CTI in reliance on allegedly misleading statements on CTI's website. WCP and CTI entered into a letter agreement stating that if CTI was not prepared to "unconditionally and irrevocably insure the enforceability and priority" of certain mortgages, then CTI was not to release loan funds at closing. The agreement also stated that if CTI failed to honor its obligations, it was responsible for WCP's legal fees incurred to enforce those obligations. WCP alleges that the title insurance policy that CTI ultimately issued – at least as interpreted by CTI – varied from what the letter agreement required.

WCP filed foreclosure actions regarding certain of the mortgages and was later sued by other parties who claimed to have interests in the properties. Those parties sought, in part, to invalidate or subordinate WCP's rights in the mortgages. WCP submitted a claim to CTI, asking it to defend the lawsuit. WCP alleges that CTI stalled and failed to respond for an extended period and then issued a reservation of rights letter stating that it would provide a defense only on some of the claims. In the interim, WCP had incurred litigation costs. When it sought reimbursement from CTI, CTI again stalled and failed to respond and then agreed to pay only an amount that WCP characterizes as arbitrary and unreasonable. WCP also makes other allegations, but this summary provides enough of an outline.

CTI has moved for judgment on the pleadings on four of WCP's claims. A motion for judgment on the pleadings is assessed using the same standard that applies to a motion to dismiss for failure to state a claim. *Buchanan-Moore v. City of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Count 2: Count 2 is a claim for breach of contract based on CTI's alleged breach of the letter agreement that preceded the title insurance policy. In essence, WCP alleges that CTI did not provide the type of insurance that it promised to provide.

The insurance policy contains a term stating that it is "the entire policy and agreement between the Insured and the Company." Terms and Conds. ¶ 14(a). The same paragraph states that any claim "which arises out of the status of the lien of the insurance mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim" is restricted to the insurance policy. *Id.* ¶ 14(b). The latter provision, particularly its last phrase, is not exactly a model of English composition – and CTI has made no attempt to parse it or explain how it covers the claim WCP makes in count 2. Given the standard that governs a motion for judgment on the pleadings, the Court is unprepared to say, at this juncture, that the policy provision bars WCP from making a claim based on the earlier letter agreement. CTI also argues that it issued precisely the policy that WCP requested, but that argument would require the Court to find facts contrary to the crossclaim's allegations, contrary to the standard for a motion for judgment on the pleadings.

Count 3: Count 3 is a claim under the Illinois Consumer Fraud Act (ICFA). CTI alleges that it was misled into purchasing the title insurance policy and that CTI, in bad faith, evaded its contractual obligations. This is sufficient to state a claim under ICFA. *See Gen'l Ins. Co. of Am. v. Clark Mali Corp.*, No. 08 C 2787, 2010 WL 1286076, at *4 (N.D. Ill. Mar. 30, 2010). The claim also contains sufficient detail to meet the requirements of Rules 8(a) and 9(b).

CTI also argues that the claim is time-barred. It contends the claim accrued in September 2006, when WCP received the title insurance policy, because if there was a difference between the policy as issued and the provisions of the letter agreement, WCP knew it then. The limitation period for ICFA claims is three years, *see* 815 ILCS 505/10a(e), but WCP did not file its crossclaim until January 6, 2011. The Court agrees with WCP, however, that a reasonable factfinder could determine that WCP was not on notice of the basis for its claim until October 2008, when it learned that CTI was interpreting the policy to permit it to provide a defense on some claims but not others.

Count 5: Count 5 is a claim under a provision of the Illinois Title Insurance Act (ITIA) that states:

> (a) Any person or persons who violate the prohibitions or limitations of subsection (a) of Section 21 of this Act shall be liable to the person or persons charged for the settlement service involved in the violation for actual damages.
>
> (b) Any title insurance company or a title insurance agent who violates the prohibitions or limitations of subsection (a) of Section 21 of this Act shall be subject to injunctive relief. If a permanent injunction is granted, the court may award actual damages. Reasonable attorney's fees and costs may be awarded to the prevailing party.

215 ILCS 155/25. WCP cannot sue under seciton 25(a) based on the current crossclaim, because it does not allege that it was charged for "settlement service involved in [a] violation" of section 21(a) of the ITIA. And as CTI argues, section 25(b) permits a claim for damages only if a court enters an injunction based on a violation of section 21(a). WCP has not alleged a sufficient basis for issuance of an injunction for violating

| STATEMENT |
|---|
| section 21(a).<br><br>Count 6: Count 6 is a common law bad faith claim. This claim is barred by Illinois law. *See Voyles v. Santia Mortg. Corp.*, 196 Ill. 2d 288, 297-98, 751 N.E.2d 1126, 1132 (2001); *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 526-27, 675 N.E.2d 897, 904 (1996). |