IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INS. CO., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 09 C 7063 |
| CHICAGO TITLE INS. CO. and WESTERN CAPITAL PARTNERS, LLC, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Chicago Title has filed a motion, purportedly under Rule 59(e), to alter or amend the Court's decision of May 11, 2012. It has noticed the motion for presentment on June 12, 2012, the day *after* the trial of the remaining claims is scheduled to begin.

Initially, the Court is constrained to take issue with Chicago Title's contention that "[t]his Motion will not delay trial, and is only intended to preserve CTI's rights pursuant to Fed. R. Civ. P. 59(e), which requires a motion to alter or amend a judgment to be filed within 28 days of the judgment." Chi. Title Mot. to Alter of Amend at 2. First, the motion is not a Rule 59(e) motion. That rule concerns only motions to amend a judgment, and the May 11 order is not a judgment because it does not finally dispose of all claims in the case. *See, e.g., Galvan v. Nordberg*, --- F.3d ---, 2012 WL 1570876, at *6 n.3 (7th Cir. May 7, 2012). Second, and more importantly, the contention that the motion is not intended to delay the trial does not hold water. This case has been set for

a June 2012 trial date for nearly eight months, since October 2011. The May 11 decision was issued exactly one month before the trial date. Yet Chicago Title waited over three weeks, until just four business days before the trial date, to file its motion.

Chicago Title seeks alteration or clarification of the May 11 order on five issues. The Court denies Chicago Title's motion with regard to three of these issues: that Illinois law requires an insurer to defend all counts of a pending complaint notwithstanding policy language to the contrary; that claims asserted against an insured for the purpose of preserving an appeal can trigger the duty to defend; and that Chicago Title's failure to provide a complete defense did not constitute a breach of its contract.

Chicago Title argues that, on each of these points, the Court "made an error not of reasoning but of apprehension" or that there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Chicago Title's arguments on these points, however, consist solely of contentions that were readily available to Chicago Title long before the Court ruled and that it could have raised during briefing on the summary judgment motions. Chicago Title has forfeited those arguments. *See, e.g., In re Ray*, 597 F.3d 871, 876 (7th Cir. 2010) (arguments raised or developed for the first time in a motion to reconsider are generally deemed forfeited). Chicago Title cites two Seventh Circuit cases that were decided after the summary judgment motions were filed, but neither case directly controls or constitutes a "significant change" in the applicable law. (The Court also notes that because these decisions were issued well before the Court ruled, if they were truly controlling or

actually represented a significant change in Illinois law, Chicago Title should have brought them to the Court's attention at the time.)

Chicago Title's motion includes two additional arguments. First, it contends that the settlement agreement between Philadelphia and Western Capital eliminated any case or controversy between Philadelphia and Chicago Title, thus depriving the Court of subject matter jurisdiction over Philadelphia's claims. Second, Chicago Title contends that contrary to the Court's discussion in the May 11 order, the counterclaims in the *Ridgeland* litigation that the Court concluded gave rise to Chicago Title's duty to defend were never reasserted after their dismissal. The Court directs Philadelphia and/or Western Capital to respond to these points by no later than 4:30 p.m. on June 6, 2012 and directs Chicago Title to reply by no later than 4:30 p.m. on June 7, 2012. The motion hearing date of June 12, 2012 is vacated.

s/ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date: June 5, 2012